UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 4:22-CR-019 |
| v. | |
| CURTIS JAMES STOCKDALL, | **PLEA AGREEMENT** |
| Defendant. | |

The United States of America (also referred to as "the Government"), Defendant, Curtis James Stockdall, and Defendant's attorney, enter into this Plea Agreement.

**A.   CHARGES**

1. <u>Subject Offenses.</u>   Defendant will plead guilty to Count 1 and Count 13 of the Superseding Indictment, that is, Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing Methamphetamine or 50 Grams or More of Methamphetamine, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A) (Count 1); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and 924(c)(1)(B)(ii) (Count 13).   Defendant also agrees to forfeiture of the items set forth in the Plea Agreement and listed in the Superseding Indictment.

2. <u>Charges Being Dismissed.</u>   If the Court accepts this Plea Agreement, Counts 2, 10, 11, and 12 of the Superseding Indictment, that is, Conspiracy to Distribute a Mixture and Substance Containing Marijuana, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(D) (Count 2); Felon in

1

Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) (Count 10); Illegal Possession of a Machinegun, in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2) (Count 11); and Receipt or Possession of Unregistered Firearm, in violation of Title 26, United States Code, Sections 5841, 5845, 5861(c), 5861(d), and 5871 (Count 12), will be dismissed at the time of sentencing. Defendant understands that, even though Counts 2, 10, 11, and 12 will be dismissed, all relevant conduct including the conduct that supported the charges in Counts 2, 10, 11, and 12 will be considered by the Court at the time of sentencing.

**B.    MAXIMUM PENALTIES**

3. <u>Maximum and Mandatory Minimum Punishment</u>. Defendant understands that the crime to which Defendant is pleading guilty in Count 1 carries a mandatory minimum sentence of at least 10 years in prison and a maximum sentence of life in prison; a maximum fine of $10,000,000; and a term of supervised release of at least 5 years, and up to life. Defendant further understands that the crime to which Defendant is pleading guilty in Count 13 carries a mandatory minimum sentence of at least 30 years in prison and a maximum sentence of life in prison; a maximum fine of $250,000; and a term of supervised release of up to 5 years. A mandatory special assessment of $100 per count must also be imposed by the Court. Defendant understands that the Court may not impose a sentence less than the mandatory minimum sentence unless the Government files a motion for substantial assistance under 18 U.S.C. § 3553(e) or unless the Court finds that Defendant

qualifies for safety valve under 18 U.S.C. § 3553(f) (which would apply only to Count 1). No one has promised Defendant that Defendant will be eligible for a sentence of less than the mandatory minimum.

4. <u>Mandatory Consecutive Sentence</u>. Defendant specifically understands that the term of imprisonment for Count 13 must be imposed consecutive to any other term of imprisonment.

5. <u>Supervised Release--Explained</u>. Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than 5 years in prison on any such revocation, without any credit for time previously served.

6. <u>Detention</u>. Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

7. <u>Withdrawal of Section 851 Notice</u>. Defendant expressly acknowledges that, as a material condition of this Plea Agreement, the Government has agreed to withdraw the filing of an enhancement under Title 21, United States Code, Section 851 for one or more prior serious drug felony convictions, to wit, Defendant's conviction in the Iowa District Court for Webster County, case number FECR338094, for possession with intent to deliver a controlled substance, in violation of Iowa Code Section 124.401(1)(c).

C. **NATURE OF THE OFFENSE – FACTUAL BASIS**

8. <u>Elements Understood</u>. Defendant understands that to prove the offense alleged under **Count 1 (Conspiracy to Distribute a Controlled Substance)**, the Government would be required to prove beyond a reasonable doubt the following elements:

(a) On or about the dates charged, two or more persons reached an agreement or came to an understanding to distribute methamphetamine;

(b) The defendant voluntarily and intentionally joined the agreement or understanding, either at the time it was made, or at some later time while it was still in effect;

(c) At the time the defendant joined the agreement or understanding, he knew the purpose of the agreement or understanding was to distribute methamphetamine; and

(d) The agreement or understanding involved 500 grams or more of a mixture and substance containing methamphetamine or 50 grams or more of actual methamphetamine.

Defendant further understands that to prove the offense alleged under **Count 13 (Possession of a Firearm in Furtherance of Drug Trafficking Crime)**, the Government would be required to prove beyond a reasonable doubt the following elements:

(a) The defendant committed the crime of conspiracy to distribute a controlled substance;

(b) The defendant knowingly possessed a firearm in furtherance of that crime; and

(c) One or more firearms the defendant possessed in furtherance of that crime was a machinegun.

9.   <u>Factual Basis</u>.   As a factual basis for Defendant's pleas of guilty, Defendant admits the following:

   (a)   Beginning at least by January 2021 and continuing until October 26, 2021, Defendant had an agreement or understanding with others, including Matthew Leroy Anderson, Seth Michael Smith, Raven Tyrone Martin, Ryan Dewayne Myrick, Richard Steven Staley, and Jeremy John Coryell, to distribute methamphetamine in the Southern District of Iowa and elsewhere.

   (b)   Specifically, Defendant and his co-conspirators would arrange for the acquisition of methamphetamine from a California source of supply. Once acquired, Defendant and Anderson would arrange for the transportation of the methamphetamine from California to the Southern District of Iowa, where it was distributed.

   (c)   The agreement or understanding involved at least 500 grams of methamphetamine, as during each trip, between 60 and 100 pounds of methamphetamine were transported from California to the Southern District of Iowa.

   (d)   Defendant voluntarily and intentionally joined in that agreement or understanding, knowing that its purpose was to distribute methamphetamine, and specifically more than 500 grams of a mixture or substance containing methamphetamine.

   (e)   During the time Defendant participated in the conspiracy, he knowingly possessed a number of firearms, to include the following:

   i.   a loaded Glock, model 45, nine-millimeter pistol, with serial number BRKD537;

   ii.   a loaded Glock, model 17, nine-millimeter pistol, with serial number BATE038;

   iii.   a Glock, model 17, 9x19 caliber pistol, with serial number BPFK746;

   iv.   a LLAMA, model ESPECIAL, nine-millimeter pistol, with serial number 139334;

   v.   a Ruger, model EC9S, nine-millimeter pistol, with serial number 455-02656;

5

vi.     a loaded Smith & Wesson, model Bodyguard, .380 Auto caliber pistol, with serial number EBE2018;

vii.     an F.N., model Five-Seven, 5.7x28 millimeter pistol, with serial number 386399286;

viii.     a Star, model Firestar, .45 ACP caliber pistol, with serial number 2066366;

ix.     a loaded Glock, model 36, .45 Auto caliber pistol, with serial number BGHT751;

x.     a loaded Glock, model 20, ten-millimeter pistol, with serial number BTSB544;

xi.     a Ruger, model Ruger-57, 5.7x28 millimeter pistol, with serial number 641-40689;

xii.     a loaded Brugger & Thomet, model GHM9, nine-millimeter pistol, with serial number US19-29419;

xiii.     a loaded Stag Arms, model STAG-15, .300 AAC caliber pistol, with serial number W-0002914;

xiv.     an Armscor, model M1600, .22 caliber rifle, with serial number A825752;

xv.     a Remington, model 870, 12-gauge shotgun, with serial number RS16708Y;

xvi.     a loaded Stag Arms, model STAG-15, 5.56-millimeter pistol, with serial number W-0004885;

xvii.     a Remington, model 1100, 12-gauge shotgun, with serial number M140410V;

xviii.     a Chongqing Jianshe Industry, model M12AK, 12-gauge shotgun, with serial number MK2000184;

xix.     a Hi-Point, model C9, nine-millimeter pistol, with serial number P1414973; and

xx.     a Taurus, model G3C, nine-millimeter pistol, with serial number ACC628661.

  (f) During the time Defendant participated in the conspiracy, he also knowingly possessed the following firearms, which are considered machineguns under federal law:

    i. an automatic selector switch, affixed to a loaded Glock, model 45, nine-millimeter pistol, with serial number BRKD537, when recovered;

    ii. an automatic selector switch, affixed to a loaded Glock, model 17, nine-millimeter pistol, with serial number BATE038, when recovered; and

    iii. an automatic selector switch, affixed to a Glock, model 17, 9x19 caliber pistol, with serial number BPFK746, when recovered.

  (g) Defendant knowingly possessed each of the above-mentioned firearms, including the three machineguns, in connection with his commission of the crime of Conspiracy to Distribute Methamphetamine, as outlined above. Specifically, Defendant knowingly possessed these firearms, at least in part, to protect himself, his drugs, and his drug proceeds, in furtherance of his ongoing drug trafficking activity.

  (h) On October 26, 2021, federal search warrants were executed in the Des Moines, Iowa, area in relation to Defendant's ongoing drug trafficking. During the execution of those warrant, law enforcement located and seized $13,876 in U.S. currency from a residence located in the 7500 block of Southview Drive in Des Moines, Iowa.

  (i) The aforementioned $13,876 was property constituting, and derived from, drug trafficking. Additionally, it was used and intended to be used to commit or to facilitate drug trafficking.

10. <u>Truthfulness of Factual Basis</u>. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

11. <u>Waiver of Rule 410 Rights</u>.  Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this Plea Agreement, including under the Factual Basis, are admissible against Defendant. Should Defendant fail to plead guilty pursuant to this Plea Agreement or move to withdraw Defendant's plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

12. <u>Venue</u>.  Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D. SENTENCING**

13. <u>Sentencing Guidelines</u>.  Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law.  The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

- (a) The nature of the offenses to which Defendant is pleading guilty;
- (b) The number of firearms possessed;
- (c) The quantity of drugs involved, with the parties stipulating as a recommendation to the District Court that the offense involved 4.5 kilograms or more of ice/actual methamphetamine, for a base offense level of 38;
- (d) Whether Defendant maintained a premises for the purpose of distributing a controlled substance, with the parties stipulating as a recommendation to the District Court that a two-level enhancement, pursuant to USSG §2D1.1(b)(12), applies;

  (e) Defendant's role in the offense, with the parties stipulating as a recommendation to the District Court that a four-level aggravating role enhancement applies, pursuant to USSG §3B1.1(a);

  (f) Whether Defendant attempted to obstruct justice in the investigation or prosecution of the offense;

  (g) The nature and extent of Defendant's criminal history (prior convictions); and

  (h) Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

  14. <u>Acceptance of Responsibility</u>. The Government agrees as a recommendation to the District Court that Defendant receive credit for acceptance of responsibility under USSG §3E1.1(a). The Government reserves the right to oppose a reduction under §3E1.1(a) if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise fails to clearly demonstrate acceptance of responsibility. If Defendant qualifies for a decrease under §3E1.1(a), and the base offense level is 16 or above, as determined by the Court, the Government agrees to make a motion to the District Court that Defendant should receive an additional 1-level reduction under USSG §3E1.1(b), based on timely notification to

the Government of Defendant's intent to plead guilty. The government may withhold this motion based on any interest identified in USSG §3E1.1.

15.     Presentence Report.  Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report.  The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

16.     Disclosure of Presentence Investigation Reports. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

17.     Evidence at Sentencing.  The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement.  Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal

Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

18. <u>Sentence to be Decided by Judge -- No Promises</u>. This Plea Agreement is entered pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. The parties jointly agree that the Court should impose a total sentence of 480 months of imprisonment, and will not advocate for a higher or lower sentence at the time of sentencing. The parties agree that this sentence takes into account all of the relevant factors set forth under 18 U.S.C. § 3553(a), including the advisory sentencing guidelines calculation, the nature and circumstances of the offense, the history and characteristics of the Defendant, and other pertinent factors. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what Defendant's actual sentence will be.

19. <u>No Right to Withdraw Plea</u>. Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

E.    **FINES, COSTS, FORFEITURE**

20.    <u>Forfeiture</u>. Defendant agrees to forfeiture of the property identified in the Superseding Indictment, specifically a loaded Glock, model 45, nine-millimeter pistol, with serial number BRKD537; automatic selector switch; and approximately $13,876 in United States currency seized from a residence and vehicle located in the 7500 block of Southview Drive in Des Moines, Iowa, on or about October 26, 2021; and two automatic selector switches; a loaded Glock, model 17, nine-millimeter pistol, with serial number BATE038; a Glock, model 17, 9x19 caliber pistol, with serial number BPFK746; a LLAMA, model ESPECIAL, nine-millimeter pistol, with serial number 139334; a Ruger, model EC9S, nine-millimeter pistol, with serial number 455-02656; a loaded Smith & Wesson, model Bodyguard, .380 Auto caliber pistol, with serial number EBE2018; an F.N., model Five-Seven, 5.7x28 millimeter pistol, with serial number 386399286; a Star, model Firestar, .45 ACP caliber pistol, with serial number 2066366; a loaded Glock, model 36, .45 Auto caliber pistol, with serial number BGHT751; a loaded Glock, model 20, ten-millimeter pistol, with serial number BTSB544; a Ruger, model Ruger-57, 5.7x28 millimeter pistol, with serial number 641-40689; a loaded Brugger & Thomet, model GHM9, nine-millimeter pistol, with serial number US19-29419; a loaded Stag Arms, model STAG-15, .300 AAC caliber pistol, with serial number W-0002914; an Armscor, model M1600, .22 caliber rifle, with serial number A825752; a Remington, model 870, 12-gauge shotgun, with serial number RS16708Y; a loaded Stag Arms, model STAG-15, 5.56-millimeter pistol, with serial number W-0004885; a Remington, model 1100, 12-gauge shotgun,

with serial number M140410V; a Chongqing Jianshe Industry, model M12AK, 12-gauge shotgun, with serial number MK2000184; a Hi-Point, model C9, nine-millimeter pistol, with serial number P1414973; a Taurus, model G3C, nine-millimeter pistol, with serial number ACC628661; ammunition; firearm magazines; and any firearm parts. Defendant will execute any documents as directed by the Government to complete the forfeiture.

21. <u>Waivers Regarding Forfeiture</u>. Defendant waives all challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds. Defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

22. <u>Consent to Judgment of Forfeiture</u>. Defendant agrees to waive all interest in assets subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing,

and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

23. <u>Fines and Costs</u>. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

24. <u>Special Assessment</u>. Defendant agrees to pay the mandatory special assessment of $100 per count of conviction at or before the time of sentencing, as required by 18 U.S.C. § 3013.

25. <u>Financial Statement</u>. Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

## F. LIMITED SCOPE OF AGREEMENT

26. <u>Limited Scope of Agreement</u>. This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

27. <u>Agreement Limited to Southern District of Iowa</u>. This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and

cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## G. WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

28. <u>Trial Rights Explained</u>.  Defendant understands that this guilty plea waives the right to:

- (a) Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

- (b) A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

- (c) The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

- (d) Confront and cross-examine adverse witnesses;

- (e) Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

- (f) Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

- (g) If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

29. <u>Waiver of Appeal and Post-Conviction Review</u>.  Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s), or to the Court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence

imposed by the Court, to the extent that an appeal is authorized by law. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

**H.    VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL**

30.    Voluntariness of Plea.   Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

(a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c) No one has threatened Defendant or Defendant's family to induce this guilty plea.

(d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

31.    Consultation with Attorney.   Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

(a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

  (b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

  (c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I. GENERAL PROVISIONS

32. <u>Entire Agreement</u>. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

33. <u>Public Interest</u>. The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

34. <u>Execution/Effective Date</u>. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

35. <u>Consent to Proceed by Video Conferencing.</u> Defendant consents to any proceedings in this case, to include plea and sentencing proceedings, being conducted by video or telephone technology, if the Court finds further delay would seriously harm the interests of justice. Defendant has had the opportunity to consult with Defendant's attorney about the use of video or telephone technology in this case.

## J. SIGNATURES

36. <u>Defendant</u>. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Plea Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

| _6-8-23_ | _/s/ C_____ |
|---|---|
| Date | Curtis James Stockdall |

37. <u>Defendant's Attorney</u>. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis

for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

6-8-23
_____
Date

_____
Stuart J. Dornan
Attorney for Curtis James Stockdall

38. <u>United States</u>. The Government agrees to the terms of this Plea Agreement.

Richard D. Westphal
United States Attorney

6-8-23
_____
Date

By: _____
Kristin M. Herrera
Mallory E. Weiser
Assistant U.S. Attorneys
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Telephone: 515-473-9300
Telefax: 515-473-9292
Email: kristin.herrera@usdoj.gov
E-mail: mallory.weiser@usdoj.gov